UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:18-cv-3367 |
| | ) |
| $56,380.00 UNITED STATES CURRENCY, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT OF FORFEITURE IN REM**

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the Southern District of Indiana, and Eric P. Babbs, Special Assistant United States Attorney, alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil action seeking forfeiture of property pursuant to 21 U.S.C. § 881(a)(6) because the Defendant Currency constitutes proceeds of, or is property used to facilitate, a violation of the Controlled Substances Act.

**PARTIES, JURISDICTION, AND VENUE**

2. The defendant property is Fifty-Six Thousand Three Hundred Eighty Dollars in United States Currency ("$56,380.00" or "Defendant Currency") seized by the United States Postal Inspection Service ("USPIS") on May 17, 2018.

3. The Defendant Currency was seized at a United States Post Office in Indianapolis, Indiana, and is now in the custody of the USPIS. The Defendant Currency has been assigned Asset Identification Number 18-USP-001594.

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1345 (district courts

1

have original jurisdiction of all civil actions commenced by the United States) and § 1355 (district courts have original jurisdiction of any action for forfeiture, and action can be brought in a district in which any of the acts giving rise to the forfeiture occurred).

5. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355(b) (forfeiture action can be brought in a district in which any of the acts giving rise to the forfeiture occurred), and Rule G(3)(b)(i) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions (clerk must issue a warrant to arrest property in the government's possession).

6. This Court is the appropriate venue pursuant to 28 U.S.C. § 1395(a) and (b) in that the forfeiture accrued in the Southern District of Indiana, and the defendant property is now, and during the pendency of this action will be, found within the Southern District of Indiana.

**FACTS**

7. On May 15, 2018, a brown cardboard box (the "suspect parcel") measuring approximately 8" x 8" x 8" and weighing approximately 5 pounds, 5 ounces was postmarked Priority Mail Express at the Indianapolis, Indiana 46219 post office. The suspect parcel was paid for with $67.65 in postage. The sender did not check the box requiring a signature for delivery. All address labels were handwritten. The parcel, with tracking number EE121697735US, was addressed to Sovaj Logistics, 25740 Buffalo Cir., Menifee, CA 92584, with a return address of Chin Chek Promotions, 4165 Millersville Rd., Indianapolis, IN 46205.

8. A United States Postal Inspector conducted a routine inspection of outbound parcels at the High School Road Express Mail Annex in Indianapolis. The Postal Inspector noticed that the suspect parcel's weight of five pounds, five ounces was heavier than the typical weight of parcels sent by Priority Mail Express, which average less than two pounds.

9. The Postal Inspector also noticed that the zip code of mailing differed from the zip code of the return address, handwritten as Chin Chek Promotions, 4165 Millersville Rd., Indianapolis, IN 46205. The Postal Inspector also noticed that the delivery address for the suspect parcel was a zip code in California. In the Postal Inspector's experience, California is a common destination state for proceeds of controlled substances. Narcotics or other contraband traffickers will often handwrite an address label instead of using a preprinted label, as is customary with most legitimate businesses using the United States Mail.

10. Through a database query, the Postal Inspector learned that the suspect parcel's return address was an existing address, but the business name Chin Chek Promotions was not associated with that address. Also through such a query, the Postal Inspector learned that the suspect parcel's delivery address of 25740 Buffalo Cir., Menifee, CA 92584, was an existing, deliverable address, but the business name Sovaj Logistics was not associated with the delivery address. According to the post office that delivers to zip code 92584, the last names of Brogan and Richardson are known to receive mail there. In the Postal Inspector's training and experience, it is common for drug traffickers to seek to evade detection by using names not associated with an address or fictitious business names and addresses.

11. After noticing these characteristics of the suspect parcel, the Postal Inspector met with an Indianapolis Metropolitan Police Department officer who was a certified handler of a drug detection canine. The drug detection canine had been trained to detect the odor of marijuana, cocaine, heroin, methamphetamine, crack cocaine, and MDMA, and had been certified in October 2017. After the suspect parcel was placed among other parcels, the drug detection canine gave a positive alert for the odor of controlled substances from the suspect parcel.

12. On May 17, 2018, the Postal Inspector appeared before a United States Magistrate Judge for the Southern District of Indiana to seek a search warrant for the suspect parcel. Search warrant 1:18-mj-0491 was issued authorizing the seizure and search of the suspect parcel for controlled substances, proceeds from the sale of controlled substances, and other evidence of violations of the Controlled Substances Act.

13. When the Postal Inspector opened the suspect parcel, it contained three clear plastic bags with bundles of rubber-banded United States Currency.



14. There were no notes, receipts, or instructions in the suspect parcel. Postal Inspectors know from training and experience that individuals who traffic in controlled substances rarely include any type of instruction with the proceeds, whereas legitimate business

items or personal gifts usually contain notes, letters, receipts, cards, or coupons with the cash or monetary instruments.

15. Narcotics traffickers are known to use low denomination currency to conduct their business. Postal Inspectors have found, in most cases, narcotics payments to be primarily distributed in twenty-dollar bills, consistent with the currency in the suspect parcel. The Defendant Currency was in the following denominations:

| Denomination | Quantity | Amount |
| --- | --- | --- |
| $10 | 18 | $180.00 |
| $20 | 2060 | $41,200.00 |
| $50 | 48 | $2,400.00 |
| $100 | 126 | $12,600.00 |
| Total: | 2,252 | **$56,380.00** |

16. The initial count of the seized currency was $56,400.00. When it was taken to a bank for conversion to a cashier's check, a counterfeit $20 bill was identified, changing the total to $56,380.00.

17. According to Indiana Secretary of State records, a business with the name Chinchek Promotions LLC had a principal office address of 7801 Gatewood Ln., Indianapolis, IN 46219, and its registered agent was Dominic Brogan ("Brogan") at that same address. A business with the name Sovaj Logistics LLC was also incorporated in Indiana with a principal office address of 7801 Gatewood Ln., Indianapolis, IN 46219, with Brogan as its registered agent.

18. The United States Marshals Service ("USMS") conducted an investigation into

whether Chinchek Promotions LLC or Sovaj Logistics LLC had reported paying wages for any employees. No reported wages were found. The USMS and the USPIS also queried official records to determine whether Brogan had any verifiable employment history. Brogan did not have any reported wages in Indiana or other states.

## ADMINISTRATIVE FORFEITURE PROCEEDINGS

19. The USPIS mailed timely notices of seizure to potential claimants. The USPIS also published a public internet notice regarding the seizure of the Defendant Currency. Thereafter, the USPIS received a signed response, determined to be a petition, from Angela Carter. The USPIS also received a signed response, determined to be a claim, from Brogan sent via Attorney Patrick Chavis IV.

20. Brogan's claim stated that "[t]he cash was raised during the course of regular business operations of Chin Chek Promotions and Maat Enterprises through generated revenue, sponsorships and loans/investments from family and friends. These businesses operate for continuing legitimate business purposes. The cash was required for the purchase of business equipment at an auction in California …."

21. No other claims or petitions were received for the Defendant Currency. After the expiration of the time for filing claims administratively, the USPIS referred the matter to the United States Attorney to initiate a judicial forfeiture action.

## PERTINENT STATUTES AND REGULATIONS

22. Under 21 U.S.C. § 841(a)(1), it is unlawful for any person to manufacture, distribute, or dispense – or possess with intent to manufacture, distribute, or dispense – a controlled substance.

23. Under 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished by

any person in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substances Act, including 21 U.S.C. § 841(a)(1), shall be subject to forfeiture to the United States and no property right shall exist in them.

## CLAIM FOR RELIEF

24. Based on the allegations above, the Defendant Currency is "moneys . . . furnished or intended to be furnished by any person in exchange for a controlled substance," and/or "proceeds traceable to such an exchange," and/or "moneys . . . used or intended to be used to facilitate any violation of [the Controlled Substances Act, 21 U.S.C. §801 *et seq.*]," and is therefore subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States prays that the Clerk of the Court issue a warrant for arrest of the Defendant Currency pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant property forfeited to the United States for disposition according to law; and that the United States be granted all other just and proper relief.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

By:   *s/Eric P. Babbs*
Eric P. Babbs
Special Assistant United States Attorney
Office of the United States Attorney
10 W. Market St., Suite 2100
Indianapolis, Indiana 46204-3048
Telephone: (317) 226-6333
Fax: (317) 226-5027

## VERIFICATION

I, DeMarkus Calhoun, hereby verify and declare under penalty of perjury that I am a U.S. Postal Inspector for the U.S. Postal Inspection Service ("USPIS"), that I have read the foregoing Verified Complaint in Rem and know the contents thereof, and that the matters contained in the Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief, and as to those matters I believe to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement offices, as well as my investigation of this case, together with others, as a U.S. Postal Inspector with the USPIS.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: 10/25/18

for DeMarkus G. Calhoun
U.S. Postal Inspection Service

8

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff  
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:

**JURY DEMAND:**   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

 **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

 **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:18-cv-3367 |
| | ) |
| $56,380.00 UNITED STATES CURRENCY, | ) |
| | ) |
| Defendant. | ) |

## **WARRANT FOR ARREST OF PROPERTY**

TO:   ANY OFFICER OR EMPLOYEE OF THE UNITED STATES

WHEREAS a Complaint for Forfeiture In Rem has been filed in this Court on the 1st day of November, 2018, by Josh J. Minkler, United States Attorney for the Southern District of Indiana, against fifty-six thousand three hundred and eighty dollars in United States Currency ("$56,380.00"); defendant herein, for reasons and causes set forth in the Complaint;

YOU ARE HEREBY COMMANDED to take custody of and to deliver the defendant currency into the possession of the United States of America for the Southern District of Indiana, to be detained in the possession of the United States of its designee until further order of this Court, and you will make return thereon not later than ten (10) days after execution of process.

Dated: _____

_____
Laura A. Briggs, Clerk
United States District Court
Southern District of Indiana

Arrest Warrant to be issued by the Clerk pursuant to
Rule G(3)(b)(i) of the Supplemental Rules for
Admiralty or Maritime Claims and Asset Forfeiture Actions,
for property in custody of the United States.