UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-cv-03367-RLY-MJD |
| ) | |
| $56,380.00 UNITED STATES CURRENCY, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| ANGELA CARTER, ) | |
| ) | |
| Claimant. ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on the *Motion to Strike Angela Carter's Answer* [Dkt. 11] filed by Plaintiff, United States of America. Plaintiff asserts Claimant cannot establish standing pursuant to Supplemental Rule G(8)(b) of the Supplemental Rules for Maritime Claims and Asset Forfeiture Actions and so is not entitled to contest this civil *in rem* forfeiture. Claimant has failed to respond. For the reasons set forth below, the Magistrate Judge recommends Plaintiff's motion be **GRANTED.**

**I. Background**

This is a civil action seeking forfeiture of property pursuant to 21 U.S.C. § 881(a)(6) because the Defendant Currency allegedly constitutes proceeds of, or is property used to facilitate, a violation of the Controlled Substances Act. [Dkt. 1 at 1]. Following the forfeiture, Claimant filed an *Answer to Complaint and Motion to Dismiss* on December 4, 2018. [Dkt. 5].

1

Plaintiff now challenges Claimant's standing to contest this civil *in rem* forfeiture with this *Motion to Strike*. [Dkt. 11]. Claimant has failed to respond.

## II. Legal Standard

The Government may move at any time before trial to strike a claim or answer "because the claimant lacks standing." Supplemental Rule G(8)(c)(i)(B). To have standing to contest an *in rem* forfeiture, a party must have Article III and statutory standing. *United States v. Funds in the Amount of $239,4000,* 795 F.3d 639, 643 (7th Cir. 2016). The claimant bears the burden of establishing standing by a preponderance of the evidence. Supplemental Rule G(8)(c)(ii)(B). District courts have considerable discretion in ruling on motions to strike. *See Delta Consulting Grp., Inc. v. R. Randle Const., Inc.,* 554 F.3d 1133, 1141 (7th Cir. 2009). The Government's motion to strike may be presented as a motion for judgment on the pleadings or as a motion to determine after a hearing or by summary judgment that the claimant cannot carry his or her burden of establishing standing. Supplemental Rule G(8)(c)(ii)(B).

## III. Discussion

The Plaintiff asks the Court to "enter judgment on the pleadings because Ms. Carter has failed to adequately allege standing." [Dkt. 12 at 5]. Plaintiff argues Claimant failed to adequately allege both statutory and Article III standing. The claimant bears the burden of establishing standing by a preponderance of the evidence. Supplemental Rule G(8)(c)(ii)(B). To allege statutory standing, Supplemental Rule G(5)(a) requires "the claimant must show that he has filed a timely claim and answer, that the claim is properly verified, and that he has identified himself and alleged an interest in the property." *Funds in the Amount of $239,400*, 795 F.3d at 643. For Article III standing, a claimant must have "at least a facially colorable ownership interest in the property in question." *United States v. Bowser*, 834 F.3d 780, 786 (7th Cir. 2016).

Under Local Rule 7-1(c)(5), "[t]he court may summarily rule on a motion if an opposing party does not file a response within the deadline." *See* S.D. Ind. L.R. 7-1(c)(5).

Parties are expected to actively engage in the litigation process. It is the duty of a party not represented by counsel "to monitor the docket and to advise himself when the court enters an order against which he wishes to protest." *Bardney v. U.S.*, 959 F. Supp. 515, 523 (quoting *Mennen Co. v. Gillette Co.*, 719 F.2d 568, 570 (2d Cir. 1983)). Neglecting to adequately monitor the court docket does not provide justification for relief from the court's sanction. *Id.* These standards set for counsel are expected of *pro se* litigants. "Although pro se litigants get the benefit of more generous treatment in some respects, they must nonetheless follow the same rules of procedure that govern other litigants." *Creative Gifts, Inc. v. UFO*, 235 F.3d 540, 549 (10th Cir. 2000). "Trial courts generally do not intervene to save litigants from their choice of counsel, even when the lawyer loses the case because he fails to file opposing papers. A litigant who chooses himself as legal representative should be treated no differently." *Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986). Therefore, while *pro se* litigants are given some leniency as to the substance of their pleadings, all litigants must follow the same procedural requirements. This includes notifying the court of any address change, as well as monitoring case updates on the docket. *Pro se* litigants have chosen to represent themselves, and in doing so, are held to the same procedural requirements as legal counsel. Seeing as there is no response from the Claimant to consider, the Court's analysis will continue as follows. *See* S.D. Ind. L.R. 7-1(c)(5).

### A. Statutory Standing

Plaintiff argues the Court should strike Claimant's *Answer* [Dkt. 5] because she did not file a verified claim, therefore failing to establish statutory standing. The Seventh Circuit has

held the filing of a properly verified claim under Supplemental Rule (G)(5)(a) is an essential element of a claimant's standing. *United States v. U.S. Currency in the Amount of $103,387.27,* 863 F.2d 555, 559 (7th Cir. 1988). Claimant was to file a verified claim to the Defendant Currency by December 6, 2018. No pleading labeled Verified Claim was ever filed. Even after her failure to file a verified claim, Plaintiff served Claimant with *Interrogatories to Claimant Angela Carter* on December 13, 2018 reminding Claimant of this requirement.[1] [Dkt. 9-1 at 1]. Even after this reminder Claimant did not file any verified claim.

Plaintiff argues even if Claimant intended her *Answer to Complaint and Motion to Dismiss* [Dkt. 5] to constitute her verified claim, it failed the verification requirement of the rule. The document does not contain any affirmation that the statements therein are true; nor are they made under penalty of perjury. *See U.S. Currency in Amount of $103,387.27,* 863 F.2d at 560. The Seventh Circuit has held that verification requires swearing of truth under the penalties of perjury. *See U.S. v. Commodity Account No. 549 54930 at Saul Stone & Co.,* 219 F.3d 595, 597 (7th Cir. 2000). "Verification forces the claimant to place himself at risk of perjury for false claims, and the requirement of oath or affirmation is not a mere technical requirement that we easily excuse." *Id.* Claimant's pleadings do not contain any verified claim. The Court thus determines Claimant has not established statutory standing.

---

[1] "I also remind you that, pursuant to Supplemental Rule C(5)(a), if you wish to contest forfeiture of the property, you must file a verified claim that identifies the specific property claimed, states your interest in the property, and is signed by you under penalty of perjury. Pursuant to the notice letter mailed to you on November 1, 2018, the due date for your verified claim was December 6, 2018, which is now past due. If you wish to continue as a party to this case, you must file a verified claim, otherwise you will be in default and I may ask the Court to dismiss you as a party on that basis in addition to any other grounds provided by law." [Dkt. 9-1 at 1].

### B. Article III Standing

Plaintiff further argues Claimant has failed to adequately assert a connection to the Defendant Currency, and has therefore failed to establish Article III standing. [Dkt. 12 at 6]. An assertion of ownership combined with possession of the currency when it was seized is generally sufficient for Article III standing. *Funds in the Amount of $239,400,* 795 F.3d at 642-43. A "mere assertion of ownership, without more" will not suffice. *United States v. Bowser,* 834 F.3d 780, 786 (7th Cir. 2016). As the Defendant Currency was seized in the Southern District of Indiana, the Court looks to determine whether Claimant has alleged a property interest recognized in Indiana. *Id.* at 784. In this context, the Government would recognize that a named sender, an actual sender, and a named or expected receiver would likely have standing to contest forfeiture of currency or contraband sent within a package. [Dkt. 12 at 7]. The Claimant is not the named sender of the Subject Parcel, she is not the actual sender, and she is not the named or expected receiver. This is made clear through Claimant's *Special Interrogatory Answers* in which Claimant admits living in North Carolina for the last ten years, and to not having visited Indianapolis, Indiana since 2014. [Dkt. 9-2 at 2, 5]. Not only has Claimant failed to meet the ownership requirements, she was not in possession of the Defendant Currency when it was seized. [Dkt. 9-2 at 3].

Claimant contests her connection to the Defendant Currency is through the Vice Chief Executive Officer of Dozier's Logging, Inc.—her son, Shamee Dozier. [Dkt. 9-2 at 3]. However, she was not made aware of the Defendant Currency until December 25 or 26, 2018, long after the May 17, 2018 seizure date. [Dkt. 9-2 at 3]. The Court agrees with the Plaintiff's conclusion that Claimant only learned of the Defendant Currency through secondhand sources. [Dkt. 12 at 8]. These claimed connections to the Defendant Currency do not create a nexus for

ownership sufficient to meet Article III standards. Therefore, Claimant has also failed to establish a facially colorable ownership interest in the property in question. The Court thus determines the Claimant has also failed to establish Article III standing.

### IV. Conclusion

Based on the foregoing, the Magistrate Judge recommends the Court **GRANT** Plaintiff's *Motion to Strike Angela Carter's Answer* for failure to adequately allege both statutory and Article III standing. Because standing has not been established, the Magistrate Judge recommends the Court enter judgement on the pleadings for the Government and against the Claimant. The Court has already entered default against all other interested parties for failing to plead or otherwise defend their interest as provided by the Federal Rules of Civil Procedure. [*See* Dkt. 10.] Accordingly, the Magistrate Judge recommends that the Court enter final judgment in this matter.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections **within fourteen days after service** shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

SO ORDERED.

Dated: 30 MAY 2019

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

ANGELA CARTER
586 N. Main Street
Franklinton, NC 27525

Eric Parker Babbs
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
eric.babbs@usdoj.gov